UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 14-20060
                                                       Honorable Victoria A. Roberts

EMILIO RIVERA-ARCIGA,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE [ECF No. 26]

**I.    INTRODUCTION**

This matter is before the Court on Emilio Rivera-Arciga's ("Petitioner") *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.

Petitioner is a federal prisoner at the FCI Big Spring correctional facility located in Big Spring, Texas. He claims that in the event his motion is found to be untimely, he is eligible for equitable tolling under the Antiterrorism Effective Death Penalty Act ("AEDPA"). Petitioner alleges ineffective assistance of counsel. The Government argues that the motion is time barred, and the Court should not reach its merits.

The Court agrees and holds that:

1) The AEDPA imposes a one-year period of limitations to file a habeas petition under 28 U.S.C. § 2255, which runs from the date on which the judgment for a criminal conviction becomes final.

2) An unappealed judgment for a criminal conviction – which this was – becomes final when the time for filing an appeal has expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).

3) The Court entered judgment on October 21, 2014. Petitioner did not appeal his sentence or conviction; therefore, the judgment became final 14 days later on November 5, 2014. *See* Fed. R. App. P. 4(b)(1)(A).

4) Equitable tolling is not available to Petitioner since he did not diligently pursue his rights.

The Court declines to reach the merits of Petitioner's Motion to Vacate Sentence; Petitioner's motion is **DENIED**.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner pled guilty to the charges in the Information: conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii) (Count One); and possession of a firearm in furtherance of a drug trafficking crime (Count Two).

In pleading guilty, Petitioner stipulated that he intended to sell three kilograms of cocaine discovered when agents searched his home, and that he had already sold over two kilograms of cocaine to a customer. Petitioner also told agents that a co-conspirator provided him with over five kilograms of cocaine.

The Court sentenced Petitioner to a 120-month term of imprisonment for Count One and a 60-month term of imprisonment for Count Two, the sentences to run consecutively. Judgment was entered on October 21, 2014. Petitioner did not appeal.

## III.   LAW AND ANALYSIS

The law is clear that because Petitioner did not appeal, his conviction became final on November 5, 2014, fourteen days after entry of the judgment on October 21, 2014. *See Sanchez-Castellano*, 358 F.3d at 426-27. This is when the time to file a

notice of appeal expired without the defendant having done so. See Fed. R. App. P. 4(b)(1). Accordingly, the statute of limitations set forth in 28 U.S.C. § 2255(f)(1) expired on November 5, 2015, one year after the expiration of the time Petitioner had to appeal.

Petitioner did not file this motion until December 19, 2016, which was more than two years after his judgment became final and more than a year beyond the expiration of the statute of limitations. Thus, Petitioner's motion is time-barred. *See Gillis v. United States*, 729 F.3d 641, 643-44 (6th Cir. 2013).

The AEDPA's one-year timing limitation "is subject to equitable tolling." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Equitable tolling allows the Court to toll the statute of limitations "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Equitable tolling should be used "sparingly." *Id.* at 560.

A habeas petitioner is only entitled to equitable tolling if "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden to demonstrate his entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). This burden is heavy, and "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (citation omitted).

Petitioner claims that papers and exhibits he filed with the Court establish he was diligent in trying to pursue his rights, but that he was unable to do so because his attorney failed to respond to his requests for his case file.

3

Petitioner filed a motion to compel his trial attorney to surrender his case file on August 1, 2016. However, this motion was filed approximately nine months after the November 5, 2015 deadline for filing a timely habeas petition. This does not demonstrate the diligent pursuit of rights. Nor does Petitioner outline an "extraordinary circumstance" that prevented him from timely filing. *See Holland*, 560 U.S. at 649. Petitioner is not entitled to equitable tolling.

## IV. CONCLUSION

Petitioner's motion was untimely, and he is not entitled to equitable tolling; the Court declines to reach the merits of Petitioner's motion.

Accordingly, Petitioner's motion to vacate is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 16, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Emilio Rivera-Arciga by electronic means or U.S. Mail on August 16, 2018.

s/Linda Vertriest
Deputy Clerk

4